**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

DYLAN FORD,

      Plaintiff,

      v.                      CASE NO. 1:26-CV-213-HAB-ALT

RODNEYSE BICHOTTE-HERMELYN, et
al.,

      Defendants.

**OPINION AND ORDER**

Pro se Plaintiff Dylan Ford ("Ford") filed a complaint against Defendants Rodneyse Bichotte-Hermelyn, Brian Gotlieb, and Joy Campanelli ("Defendants"), alleging Gotlieb and Campanelli obstructed justice and Bichotte-Hermelyn "participated in the process." (ECF No. 1). Along with his Complaint, Ford filed a motion to proceed in forma pauperis. (ECF No. 2).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has

income less than 150 percent of the income official poverty line. . ..” 28 U.S.C. § 1930(f)(1).[1] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) (“Courts have wide discretion to decide whether a litigant is impoverished.”). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

In his IFP application, Ford attests he earns $755 per month, though the form does not indicate where the income is from as he has declined to indicate whether he is employed. Ford further claims he has limited assets—only $65 in cash—and regular monthly expenses of $750. He denies having any dependents or debts, and he has declined to list his marriage status. Given these representations, Ford has demonstrated he cannot pay the filing fee.

The Court's inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

---

[1] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Ford's Complaint need not provide overly detailed factual allegations, but he must provide enough factual support to raise his right to relief above a speculative level. *Twombly*, 550 U.S. at 555. His complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Ford's Complaint is threadbare, stating only that the Defendants obstructed justice or participated in the process of obstructing justice, and that "[t]he compensation amount is to be decided by the jury." (ECF No. 1). Even construing the Complaint liberally, as the Court must given his pro se status, Ford's allegations blatantly fail to state a claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers . . . ."). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Here, Ford does not explain who the Defendants are[2] or what basis he has for filing in this court, and he utterly fails to provide any context whatsoever for his allegations. These failures alone warrant dismissal.

---

[2] Given the type of allegations and the Defendants' unique names, it is quite possible that the Defendants are New York State judges. If this is the case, Ford cannot pursue a claim against any judge who presided over a state court proceeding because judges are immune from liability for actions taken in their official roles. *See Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *Imbler v. Pachtman*, 424 U.S. 409, 422–24 (1976).

Beyond the scant facts, however, this same Complaint against these same Defendants has been filed in twenty-seven other courts around the country between April 29, 2026 and May 4, 2026.[3] Each complaint is dated April 14, 2026, and contains the exact same flimsy allegation and demand. Additionally, Ford lists his mailing address as South Sioux City, Nebraska, but the envelope in which he mailed his Complaint and IFP application—in this case and the others—is postmarked in New York. (ECF Nos. 1-1; 2-1). This kind of mass-filing of a threadbare claim is certainly "malicious" in the context of Section 1915(e)(2)(B)(i) given that it appears "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *see also Simons v. Basu et al.*, No. 1:26-cv-1142, 2026 WL 1005067, at *2 (C.D. Ill. April 14, 2026) ("Certainly, where a plaintiff files the same complaint with the same two meager allegations—really just the barest possible sentences—in a handful of courts on the same day, that plaintiff intends to harass either the defendant, the given court, or both.").

Although courts generally permit civil plaintiffs at least one opportunity "to amend after dismissing a complaint, that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. App'x 346, 348 (7th Cir. 2016). Because Ford has no non-frivolous claim and this action is malicious, the Court will deny his request to proceed IFP and dismiss his case without leave to amend.

---

[3] *See, e.g.*, *Ford v. Bichotte-Hermelyn et al*, No. 2:26-cv-104 (E.D. Tenn. May 4, 2026); *Ford v. Bichotte-Hermelyn et al.*, No. 5:26-cv-170 (M.D. Ga. May 4, 2026); *Ford v. Bichotte-Hermelyn et al*, No. 1:26-cv-12009 (D. Mass. May 4, 2026); *Ford v. Bichotte-Hermelyn et al*, No. 1:26-cv-166 (E.D. Tex. May 1, 2026); *Ford v. Bichotte-Hermelyn et al*, No. 1:26-cv-197 (E.D. Wash. April 30, 2026); *Ford v. Bichotte-Hermelyn et al*, No. 8-26-cv-1699 (D. Md. Apr. 29, 2026).

## <u>CONCLUSION</u>

Ford's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is DENIED and the

Complaint (ECF No. 1) is DISMISSED without leave to amend.

**SO ORDERED** this 5th day of May 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT